UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-126-FDW

| | |
|---|---|
| KEITH ERWIN ALLEN,          )<br>                             )<br>        Plaintiff,          )<br>                             )<br>vs.                          )          **ORDER**<br>                             )<br>BUNCOMBE COUNTY, NORTH       )<br>CAROLINA,                    )<br>                             )<br>        Defendant.           )<br>_____) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e). (Doc. No. 1).

**I.      BACKGROUND**

Pro se Plaintiff Keith Erwin Allen is a pre-trial detainee currently incarcerated at the Buncombe County Detention Center in Asheville, North Carolina.[1] The North Carolina Department of Public Safety website shows that on May 11, 2011, Plaintiff was convicted, in Buncombe County, North Carolina, of common law robbery and of being a habitual felon. He served his prison sentence and was released from prison on May 21, 2015. Plaintiff filed this action on May 15, 2017, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant "Buncombe County, North Carolina." In the Complaint, Plaintiff alleges the following:

> On 8-5-2009 the Plaintiff received 2 81-207 month sentences to run consecutively. On 5-11-2011, the Plaintiff was granted a motion for appropriate relief ordering Plaintiff to be re-sentenced on the 2 81-107 month sentences. On 5-11-2011 the Plaintiff was re-sentenced to 4 consecutive terms of 21-26 months. The Plaintiff completed the sentence imposed by the court and was released from North Carolina Department of Corrections on 5-21-2015.

---

[1] Plaintiff does not indicate what charges he currently faces as a pre-trial detainee in the detention center.

1

> The Plaintiff believes that the district attorney for the Court acted maliciously and with intent when sentencing the Plaintiff to 4 consecutive 21-26 month terms at a Level V. The Plaintiff believes he should have been sentenced to 4 consecutive terms of 13-17 months as a Level III. Costing the Plaintiff several months of his lifetime that may never be replaced.

See (Doc. No. 1 at 3-4). As to his purported legal claims, Plaintiff alleges that his Fifth Amendment and Fourteenth Amendment due process rights were violated, and that he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment. (Id. at 4). For relief, Plaintiff seeks "a declaration that the acts and omissions describe[ed] herein violate[] his rights under the Constitution and the laws of the United States," an "injunction ordering that the Plaintiff be re-sentenced under the correct prior record level," and compensatory and punitive damages. (Id. at 5).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

**III.   DISCUSSION**

The Court will dismiss this action without prejudice. The only named Defendant in this action is Buncombe County, North Carolina. Buncombe County is a "person" under Section 1983 and may be held liable for violating Plaintiff's federal rights only if its policies or customs caused the violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). The Complaint alleges individual misconduct by the district attorney who prosecuted Plaintiff on re-

sentencing, but nowhere does it identify any county policy or custom that caused Plaintiff's injury.[2] Moreover, the trial judge, not the prosecutor, was the person who sentenced Plaintiff. In sum, Buncombe County is simply not a properly named Defendant in this action, and Plaintiff's Complaint will therefore be dismissed without prejudice.[3]

### IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action. The action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.

---

[2] Plaintiff alleges that "individual defendants will be named throughout the discovery process by amending this Complaint and will be sued individually and officially . . . ." (Doc. No. 1 at 2). The Court will not allow this procedural tactic. Allowing pro se inmate plaintiffs to name improper defendants with the intent of later identifying the proper defendants through the discovery process creates significant procedural difficulties for a district court, particularly where discovery does not begin until the proper parties have been served and responded. Furthermore, this is not a situation in which the plaintiff has named a John Doe defendant and must conduct limited discovery to learn the defendant's name. Plaintiff knew or should have identified well before bringing this action the name of the district attorney who participated in Plaintiff's re-sentencing.

[3] This action is also likely barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), which requires that a plaintiff seeking money damages under Section 1983 "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87 (citations omitted). Plaintiff is no longer in custody on the underlying sentence he challenges; therefore, an action under 28 U.S.C. § 2254 is not available to him at this time. The Fourth Circuit Court of Appeals has held that "[a] would-be plaintiff who is no longer in custody may bring a § 1983 claim undermining the validity of a prior conviction only if he lacked access to federal habeas corpus while in custody. . . . Were the rule otherwise, plaintiffs might simply wait to file their § 1983 actions until after their sentences were served, and thereby transform § 1983 into a new font of federal post-conviction review." Griffin v. Baltimore Police Dep't, 804 F.3d 692, 696, 697 (4th Cir. 2015) (emphasis added). Plaintiff has not alleged, and there is no reason for this Court to conclude, that he lacked access to federal habeas corpus while still in custody serving the sentence that he challenges here. In any event, this action will be dismissed for the sole reason that Buncombe County is simply not a properly named Defendant as to Plaintiff's claims.

2. The Clerk is instructed to terminate this action.

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge